USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PEOPLE OF THE STATE OF NEW YORK,          :     08 Civ. 10885 (SHS)
                                          :
                    Plaintiff,            :     OPINION & ORDER
                                          :
        -against-                         :
                                          :
STUART ROSS, ET ANO,                      :
                                          :
                    Defendant.            :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Stuart Ross seeks to remove a criminal prosecution from the New York State Supreme Court for the County of New York, Indictment Number 5343-2008.  Because it appears on the face of the removal notice and the attached exhibits that removal is not permitted, this action is summarily remanded to the New York State Supreme Court pursuant to 28 U.S.C. § 1446(c)(4).

    Ross is currently a defendant in a state criminal prosecution for attempting to commit grand larceny in the second degree by extortion in violation of N.Y. State Penal Law § 110/115.50(1) and grand larceny in the third degree by extortion in violation of N.Y. State Penal Law § 155.35.  (Notice of Removal filed Dec. 12, 2008 ("Removal Not.") ¶ 2.)  In that notice, Ross states that he will be unable to receive a fair trial in New York State Supreme Court because of conduct by the New York County District Attorney's Office that is violative of Ross's rights to equal protection under the Fourteenth Amendment to the U.S. Constitution.  (Id. ¶ 3.)  Specifically, Ross explains that his son-in-law, David Blitzer, is the complainant in the state action and a private equity executive and partner of the Blackstone Group, LLC.  (Id. ¶ 4.)  Ross asserts that Blackstone is headed by Stephen A. Schwarzman, "a powerful and influential

1

member of New York society who has donated directly or indirectly, hundreds of millions of dollars to New York institutions as well as to the campaigns of various individuals running for elective judicial and prosecutorial offices" and that Schwarzman and District Attorney Robert Morgenthau "are well known to each other by virtue of the beneficence of Schwarzman." (Id. ¶ 4.) In fact, Ross alleges, Schwarzman has used his "pervasive influence" to cause Morgenthau's office to wrongfully arrest Ross, to withhold exculpatory evidence, and to put on "prejudicial and tainted proceedings before the grand jury on charges that would otherwise not have withstood the scrutiny of an untainted and independent prosecutor." (Id. ¶ 5.) Ross asserts that he is being denied his right to an independent prosecutor, and thus he has removed the state criminal action against him to this Court. (Id. ¶ 6.)

A criminal prosecution can be removed to a federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1). "The Supreme Court has construed this section of the removal statute as referring to 'racial equality.'" People of the State of New York v. Leslie, No. 07 CV 2484, 2007 WL 1875554, at *1 (E.D.N.Y. June 27, 2007) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)).

Specifically, in Georgia v. Rachel, the U.S. Supreme Court concluded "[o]n the basis of the historical material that is available," the phrase in 28 U.S.C. § 1443(1), "'any law providing for . . . equal civil rights[,]' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." Georgia, 384 U.S. at 792; see also Chestnut v. People of the State of New York, 370 F.2d 1, 3-4 (2d Cir. 1966). Here, Ross has not alleged that he is being denied equal protection of the law based on race. Ross's allegations thus fail to support removal of the pending criminal prosecution to federal court. See Leslie, 2007 WL 1875554, at *1.

Accordingly, this action is remanded to New York State Supreme Court, New York County.

Dated: New York, New York
December 22, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.